Edna M. JENNINGS, Plaintiff,

v.

Sandra E. COUTSCOUDIS, et al., Defendants.

Civil Action No. 96–01962 (CRR).

United States District Court, D. Columbia.

Sept. 27, 1996.

Willie Faye Garrett, Washington, D.C., for plaintiff.

Michael P. Chervenak, Rockville, MD, for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court in the above-entitled action are the Defendants' Motion to Dismiss for Lack of Service of Process and Lack of Jurisdiction Over the Defendants, the Plaintiff's Opposition thereto, and the Plaintiff's Motion to Remove the case to the United States District Court for the Eastern District of Virginia. This action arises from an auto-

mobile accident involving the parties occurring in Spotsylvania County, Virginia on August 28, 1993. Upon consideration of the parties' pleadings, the law applicable thereto, the entire record herein, and for the reasons set forth below, the Court shall grant the defendant's Motion to Dismiss and deny the plaintiff's Motion to Transfer on the ground that the Court does not have personal jurisdiction over the defendants.

## BACKGROUND

The plaintiff alleges in her Complaint that on August 28, 1993 her automobile collided with an automobile driven by defendant Sandra E. Coutscoudis and owned by defendant Constantinos Coutscoudis. The plaintiff claims that defendant Sandra Coutscoudis was driving in a reckless and careless manner and, as a result of such conduct, the plaintiff sustained personal injuries, including, but not limited to, being diagnosed with carpel tunnel syndrome. The plaintiff is a resident of the District of Columbia and the defendants reside in Virginia. The plaintiff filed suit in this Court on August 26, 1996, seeking $500,000 in damages.

## DISCUSSION

### I. THE COURT SHALL DISMISS THE CASE BECAUSE IT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANTS.

#### A. Service of Summons Is Effective In Establishing Personal Jurisdiction Over The Defendants If They Could Be Subjected to the Jurisdiction of a Court of General Jurisdiction in the District of Columbia.

The plaintiff bases subject matter jurisdiction in this case on diversity of citizenship and has served or will attempt to serve the summons upon the defendants in the next several weeks pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Service of a summons is effective to establish personal jurisdiction over a defendant:

(A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or

(B) who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issued, or

(C) who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or

(D) when authorized by statute of the United States.

F.R.Civ.P. 4(k). The defendants are not potential parties to be joined under Rule 14 or 19; this action does not involve federal interpleader jurisdiction; and the plaintiff has not alleged the existence of any other federal statute authorizing service of summons over these non-resident defendants. Thus, the plaintiff must establish that, pursuant to subsection (A) of Rule 4(k), the service of summons confers upon this Court personal jurisdiction over the defendants because the defendants "could be subjected to the jurisdiction of a court of general jurisdiction" in the District of Columbia.

In order to determine whether the defendants are subject to the jurisdiction of the Superior Court of the District of Columbia, the Court must look to District of Columbia law. The District of Columbia Code, Chapter 4, Subchapter II—Civil Jurisdiction and Service Outside the District of Columbia; Bases of Personal Jurisdiction over Persons Outside the District of Columbia—provides two methods by which a District of Columbia court may exercise personal jurisdiction over persons outside the District of Columbia: (1) personal jurisdiction based upon an enduring relationship, D.C.Code Ann. § 13–422; and (2) personal jurisdiction based upon conduct, D.C.Code Ann. § 13–423.

#### B. The Defendants Could Not Be Subjected to the Jurisdiction of a Court of General Jurisdiction in the District of Columbia Because They Have No Enduring Relationship with the District Nor Did Their Allegedly Tortious Conduct Have a Nexus With the District.

Section 13–422 states that

[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief.

D.C.Code Ann. § 13–422 (1981 & Supp.1996). Both defendants in this case, however, are residents of Virginia and the plaintiff has made no allegations that they are domiciled or have their principal place[s] of business in the District of Columbia. Consequently, § 13–422 cannot be a basis for personal jurisdiction.

Section 13–423 provides that

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

(7) marital or parent or child relationship in the District of Columbia if:
...

\* \* \* \* \* \*

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C.Code Ann. § 13–423 (1981 & Supp.1996).

The accident giving rise to the plaintiff's action occurred in Virginia, and the plaintiff makes no allegations that any of the tortious conduct occurred in the District of Columbia or that any other conduct of the defendants has a nexus with the District of Columbia. Accordingly, the plaintiff's claim cannot be said to arise from an event that fits into one of the categories set forth in § 13–423, and, consequently, the defendants are not subject to personal jurisdiction under that provision.

## C. The Court has No Personal Jurisdiction Over the Defendants Because Summons of Service Does not Confer Such Jurisdiction.

Because the plaintiff cannot be subjected to the jurisdiction of the Superior Court of the District of Columbia for the claims herein, service of summons upon the defendants will not establish personal jurisdiction over the defendants in this Court. *See* F.R.Civ.P. 4(k).

In her Opposition to the Defendant's Motion to Dismiss, the plaintiff goes to considerable lengths in asserting that diversity is present and the forum is appropriate. These issues, however, relate to, and the plaintiff's Opposition addresses, subject matter jurisdiction and venue. The plaintiff did not, and could not persuasively, counter the defendants' arguments as to personal jurisdiction.

## CONCLUSION.

For the foregoing reasons, the Court finds that there is no basis for personal jurisdiction over the defendants by this Court for the plaintiff's claims, and, therefore, shall dismiss the above-entitled action.[1] The Court shall

---

1. Because the Court does not have jurisdiction in this case, it will not transfer the case to another district.

8

issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 27th day of September, 1996,

ORDERED that the defendants' Motion to Dismiss for Lack of Service of Process and Lack of Jurisdiction Over the Defendants shall be, and hereby is, GRANTED; and, it is

FURTHER ORDERED that potential service of the Summons upon the defendants shall be, and hereby is, QUASHED; and, it is

FURTHER ORDERED that the Plaintiff's Motion to Remove the above-entitled action to the United States District Court for the Eastern District of Virginia shall be, and hereby is, DENIED; and, it is

FURTHER ORDERED that the plaintiff's Complaint shall be, and hereby is, DISMISSED from the dockets of this Court for lack of personal jurisdiction over the defendants.